IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY S. DEVONTENNO,

    Plaintiff,

v.                                         No. 10cv1128 JCH/WDS

GLOBAL PAYMENTS CHECK SERVICES,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX,

    Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 6. Before the Court is pro se plaintiff Anthony S. Devontenno's *Motion to Proceed in forma pauperis* ("IFP"), filed , 2010. *See* Doc. 2. Before ruling on the motion, the Court must "review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

**I.**    **Applicable legal standards.**

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is mandatory).

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). In reviewing the Complaint, the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "the defendant-unlawfully-harmed-me" account, *see Iqbal*, 129 S. Ct. at 1949. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic

recitation of the elements of the cause of action . . . ." These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

The courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.*; *see id.* at 1954 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

**II.     Analysis.**

Although Devontenno appears to meet the IFP financial requirements, his complaint does not state sufficient facts to establish standing or to state a cognizable federal claim. Devontenno brings suit under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and apparently under state law for defamation of character. But his Complaint factually states only that Defendant Global Payment "attempts to collect an alleged debt, not owned by them" and is "not a licensed debt collector," which he contends violates undescribed provisions of the two statutes. Complaint at 2. Devontenno does not establish his standing to sue by showing that he has suffered an injury related to a debt that Global Payments is unlawfully attempting to collect. *See Simon v.*

*E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41 (1976) (noting that a person may challenge a violation of federal statute in federal court only if he has suffered "injury that fairly can be traced to the challenged action of the defendant").

As to Defendants Experian and Equifax, Devontenno states only that they "continue to report negative listing by Global Payment . . . when alleged debt has not been validated and Global Payment . . . is not a licensed debt collector." Complaint at 2. Again, he states no facts indicating that the reports have anything to do with him or what specific statute the credit-reporting agencies are allegedly violating.

I recommend that the Court deny the motion to proceed IFP and dismiss the Complaint without prejudice because Devontenno has failed to allege sufficient facts to plausibly suggest an entitlement to relief under *Twombly* and *Iqbal* and because dismissal is therefore mandated under § 1915(e)(2)(B)(ii). *See Phillips v. Pub. Serv. Co. of N.M.*, No. 02-2197, 58 Fed. Appx. 407, *409, 2003 WL 191461, **2 (10th Cir. Jan. 29, 2003) (per curiam) (noting that, "[b]ecause [the complaint] was dismissed without prejudice, no real disadvantage has come to [the plaintiff] as a result of the *sua sponte* dismissal . . . . Should he have a good faith basis to do so, [the plaintiff] is free to file another complaint.").

                                               _____
                                               W. Daniel Schneider
                                               UNITED STATED MAGISTRATE JUDGE